THOMAS J. SPEISS, III (SBN 200949)
  TSpeiss@SYCR.com
JUSTIN KLAEB (SBN 254035)
  JKlaeb@SYCR.com
STRADLING YOCCA CARLSON & RAUTH, P.C.
100 Wilshire Blvd., 4th Floor
Santa Monica, California 90401
Telephone:  (424) 214-7042
Facsimile:  (424) 214-7010

Attorneys for Plaintiff
POSITIVE ENERGY BEVERAGES LLC

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| POSITIVE ENERGY BEVERAGES LLC, a California Limited Liability Company, <br><br> Plaintiff, <br><br> vs. <br><br> POSITIVE BEVERAGE, LLC, a Delaware Limited Liability Company, <br><br> Defendant. | **CASE NO.: 8:14-cv-01727** <br><br> **COMPLAINT FOR:** <br><br> 1. **TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT, 15 U.S.C. § 1114;** <br><br> 2. **FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION UNDER THE LANHAM ACT, 15 U.S.C. § 1125(a);** <br><br> 3. **UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200; and,** <br><br> 4. **COMMON LAW MISAPPROPRIATION.** <br><br> JURY TRIAL DEMANDED |

**COMPLAINT**

1  Plaintiff Positive Energy Beverages LLC ("Positive Energy Beverages"), by

2  and through its attorneys, hereby alleges as follows:

3  **STATEMENT OF THE CASE**

4  1.  Positive Energy Beverages markets and sells POSITIVE ENERGY®-

5  branded non-alcoholic beverages containing fruit juice and caffeine, an example of

6  which is depicted in the image below.  It has numerous business partners

7  throughout the United States that also market and sell POSITIVE ENERGY®-

8  branded non-alcoholic beverages containing fruit juice and caffeine.  It maintains

9  ownership of POSITIVE ENERGY®, United States Federal Trademark

10  Registration No. 4,452,079.



22  2.  Positive Beverage, LLC ("Positive Beverage") is a start-up beverage

23  company.  Positive Beverage, without first obtaining written consent or a license

24  from Positive Energy Beverages, has begun to market and sell "Positive" and

25  "Think Positive" non-alcoholic beverages containing fruit juice.

26  3.  In filing this action, Positive Energy Beverages seeks to enforce its

27  rights in and to the POSITIVE ENERGY® trademark against Positive Beverage.

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-1-
**COMPLAINT**
DOCSSM/3011904v7/102734-0012

**PARTIES**

4.      Plaintiff Positive Energy Beverages is, and at all times pertinent to this action has been, a limited liability company duly organized and existing under the laws of the State of California, with its principal place of business at 660 Newport Center Drive, Suite 1220, Newport Beach, California 92660.

5.      Upon information and belief, Defendant Positive Beverage is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business at 15228 Spectrum, Irvine, California 92618.

**JURISDICTION AND VENUE**

6.      This is a civil action arising under the laws of the United States relating to trademarks (15 U.S.C. §§ 1114 and 1125(a)).  This Court has federal question jurisdiction over Counts I and II pursuant to 28 U.S.C. §§ 1331 and 1338(a)-(b).  This Court has supplemental jurisdiction over Counts III and IV pursuant to 28 U.S.C. § 1367.

7.      This Court has personal jurisdiction over Positive Beverage because its principal place of business is in this judicial district and it has done and continues to do substantial business and has committed acts of trademark infringement, and other acts complained of herein, in this judicial district.

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 (b)-(c) and 1400(b).  The acts and transactions complained of herein were conceived, carried out, and had an effect within the State of California and within this judicial district.

**NATURE OF THE ACTION**

9.      In this action, Positive Energy Beverages seeks injunctive relief, its lost profits and damages, Positive Beverage's profits, punitive damages, and attorneys' fees and costs, for Positive Beverage's acts of trademark infringement under 15 U.S.C. §§ 1114 *et seq*., unfair competition and false designation of origin

-2-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

**COMPLAINT**

DOCSSM/3011904v7/102734-0012

1  under 15 U.S.C. § 1125(a), unfair competition under California Business &

2  Professions Code §§ 17200 *et seq.*, and common law misappropriation.

3  <u>**FACTUAL ALLEGATIONS**</u>

4  10.  Positive Energy Beverages began with a simple idea from its founder,

5  Michael A. Cancelleri ("Cancelleri"), who was in need of a great-tasting and

6  healthy boost of energy to start his day.  Cancelleri, a native of Orange County, did

7  not like and continues to dislike the taste of coffee.  He was discouraged by the

8  energy drinks then being marketed and offered for sale.  For Cancelleri, the energy

9  drink market was flooded with synthetic energy drinks — filled with artificial

10  flavors, artificial preservatives, and exotic stimulants.  In addition, Cancelleri

11  further did not like the taste of the energy drinks on the market, and believed that

12  there must be a better tasting, healthier way to obtain the morning burst of energy

13  that he needed to begin his day.

14  11.  Cancelleri began Positive Energy Beverages to solve his morning

15  energy problem and to provide other like-minded individuals with a healthy

16  alternative to the energy drinks offered at the time.

17  12.  In addition to its significant marketing and sales activities here in

18  Orange County, Positive Energy Beverages markets and sells its

19  POSITIVE ENERGY®-branded fruit beverages in other parts of California and

20  throughout the United States, including:  (a) Hawaii; (b) the Northwest, including

21  Alaska, Montana, Wyoming, Utah, and Washington; (c) the Southwest, including

22  Arizona, Nevada, and New Mexico; (d) the Midwest, including Kansas,

23  Minnesota, Missouri, and Ohio; (e) the Southeast, including Georgia, North

24  Carolina and South Carolina; and, (f) the Northeast, including New Hampshire and

25  the greater New York City area.

26  13.  Positive Energy Beverages markets and sells its

27  POSITIVE ENERGY®-branded fruit beverages in more than 1,000 locations,

28  including, for example:

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-3-

**COMPLAINT**

DOCSSM/3011904v7/102734-0012

a.      retail locations such as AMPM Convenience Stores, Chevron Convenience Stores, Costco, Mother's Market & Kitchen, Sam's Club, and Whole Foods Market;

b.      additional business and tourist establishments, such as the Aliso Viejo Country Club in south Orange County and the Mandalay Bay Hotel & Casino in Las Vegas, Nevada; and,

c.      academic institutions, such as Stanford University, the University of California, Irvine, and the University of Washington.

14.      Positive Energy Beverages has a prominent social media campaign. In its campaign, which is conducted through Facebook, Instagram, Pinterest, Twitter, and its own blog, www.DrinkPositiveEnergy.com. *See* such depictions below and on the next page.



**COMPLAINT**

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

DOCSSM/3011904v7/102734-0012



15.     Positive Energy Beverages also maintains a significant connection with its customers and the community.  For example, earlier this year, on the weekend of May 2, 2014, the entire Positive Energy Beverages team participated in Chapman University's annual Relay for Life fundraiser, *see* www.relayforlife.org/chapmanca, where it was able to raise several thousand dollars for the American Cancer Society.  It further has been involved in community activities such as Arizona State University's Downtown Health Fair; the Battle of the Paddle in Dana Point, California, http://www.battleofthepaddle.com/; the Newport Beach Triathlon, http://viewtherace.com/california/newport-beach-triathlon, and the Palm Springs Ironman, http://hitstriathlonseries.com/palm-springs-ca.

/ / /

/ / /

/ / /

/ / /

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

**COMPLAINT**

DOCSSM/3011904v7/102734-0012

**Positive Energy Beverages' Marketing and Sale of**

**POSITIVE ENERGY® Beverages**

16.     Positive Energy Beverages is the owner of the trademark POSITIVE ENERGY®, which includes and has been used in connection with the marketing and sale of "Fruit beverages; Fruit-based beverages; Fruit-flavored beverages; Fruit-flavored beverages; Non-alcoholic beverages containing fruit juices; Non-alcoholic fruit juice beverages; Orange juice beverages" (collectively, the "POSITIVE ENERGY® Goods").

17.     Since at least as early as June 30, 2012, Positive Energy Beverages has invested and continues to invest substantial time, money, and effort in promoting and advertising its POSITIVE ENERGY® Goods in United States commerce, including through its commercial Internet website, www.DrinkPositiveEnergy.com.

18.     Positive Energy Beverages, as a result of its extensive nationwide marketing, advertising, and sale of the POSITIVE ENERGY® Goods, has built and continues to enjoy significant consumer goodwill associated with its POSITIVE ENERGY® trademark.

19.     Positive Energy and its business partners have sold a significant amount of the POSITIVE ENERGY® Goods in the United States.  In fact, since it began to market and sell the POSITIVE ENERGY® Goods, Positive Energy has continued to increase its volume for its POSITIVE ENERGY® Goods.  As such, Positive Energy Beverages' consumers have come to associate Positive Energy Beverages as the source of the POSITIVE ENERGY® Goods.  For instance, when consumers search for the phrase "Positive Energy Beverages" on Google's search engine, the first three search results are for POSITIVE ENERGY® Goods, as depicted below.

**COMPLAINT**

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

DOCSSM/3011904v7/102734-0012

1
2

**Google** | positive energy beverages

3   Web   Images   Shopping   News   Videos   More ▾   Search tools

4

5   About 305,000 results (0.53 seconds)

6   **Positive Energy** - Home Page
    www.drinkpositiveenergy.com/ ▾
7   Naturally Simple **Energy**! ™ ... Simple, delicious **energy** in a bottle. Watch Video.
    Think **Positive**. Be **Positive**. **Drink Positive**.,Boosts Physical **Energy**. Increases ...

8
    Contact                                    About
9   Positive Energy is distributed by          What began as a simple idea from a
    Positive Energy Beverages LLC ...           non-coffee drinker in need of ...

10  More results from drinkpositiveenergy.com »

11

12  **Positive Energy Beverages** | Facebook
    https://www.facebook.com/**drinkpositiveenergy** ▾
13  **Positive Energy Beverages**, Newport Beach, CA. 13749 likes · 40 talking about this.
    100% Pure Juice + Natural Caffeine from Green Arabica Coffee Beans....

14

15  **Positive Energy Beverages** LLC | LinkedIn
    https://www.linkedin.com/company/**positive-energy-beverages** ▾   LinkedIn ▾
16  ... Energy Beverages LLC. Join LinkedIn today for free. See who you know at **Positive
    Energy Beverages** LLC, leverage your professional network, and get hired.

17

18  **Positive Energy Beverages' Ownership of the POSITIVE ENERGY®**

19                    **Trademark in the United States**

20       20.    At least as early as <u>June 21, 2012</u>, Positive Energy Beverages

21  constructively began to market and sell its POSITIVE ENERGY® Goods in

22  United States commerce.

23       21.    Positive Energy Beverages is the owner of POSITIVE ENERGY®,

24  United States Federal Trademark Registration No. 4,452,079, in International

25  Classification 31, for "Fruit beverages; Fruit-based beverages; Fruit-flavored

26  beverages; Fruit-flavored beverages; Non-alcoholic beverages containing fruit

27  juices; Non-alcoholic fruit juice beverages; Orange juice beverages."  A copy the

28  registration certificate for this trademark is attached hereto as **Ex. A**.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-7-

**COMPLAINT**

DOCSSM/3011904v7/102734-0012

22.     On <u>September 18, 2014</u>, Cancelleri assigned POSITIVE ENERGY®, United States Federal Trademark Registration No. 4,452,079, to Positive Energy Beverages.  A copy of this Assignment, which can be found in the records of the United States Patent and Trademark Office at Reel/Frame 5367/0465, is attached hereto as **Ex. B**.

23.     Positive Energy Beverages has developed and maintains a trademark protection program, whereupon it seeks to stop the unauthorized and non-licensed use of its POSITIVE ENERGY® trademark.

### Positive Beverage's Unauthorized Marketing and Sale of "Positive" and "Think Positive" Beverages

24.     Positive Energy Beverages has not authorized Positive Beverage to manufacture, distribute, advertise, or sell non-alcoholic beverages containing fruit juice under the names "Positive," "Think Positive," or "Positive Kids."

25.     Upon information and belief:  (1) on or about <u>December 3, 2013</u>, which is about eighteen months after Positive Energy Beverages first used its POSITIVE ENERGY® trademark for the marketing and sale of its POSITIVE ENERGY® Goods, Positive Beverage began using the term "Positive" to market and sell its non-alcoholic beverages containing fruit juice; (2) on <u>April 9, 2014</u>, Positive Beverage began using the term "Think Positive" to market and sell its beverages; and, (3) Positive Beverage has not yet begun to use the term "Positive Kids" to market and sell its beverages, but has imminent plans to do so. The relevant facts are as follows:

a.      On <u>June 21, 2012</u>, Cancelleri filed POSITIVE ENERGY, United States Federal Trademark Application No. 85/658,059, in International Classification 31, for "Fruit beverages; Fruit-based beverages; Fruit-flavored beverages; Fruit-flavored beverages; Non-alcoholic beverages containing fruit juices; Non-alcoholic fruit juice beverages; Orange juice beverages."  This application was filed on an intent-to-use basis;

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-8-

**COMPLAINT**

DOCSSM/3011904v7/102734-0012

b.      At least as early as <u>November 30, 2012</u>, Cancelleri first began to use POSITIVE ENERGY in United States commerce to market and sell non-alcoholic beverages containing fruit juice;

c.      On <u>September 11, 2013</u>, Positive Beverage filed POSITIVE, United States Federal Trademark Application No. 86/061,354, in International Classification 31, for "drinks; beverages."  This application was filed on an intent-to-use basis;

d.      On <u>October 29, 2013</u>, Positive Beverage filed THINK POSITIVE, United States Federal Trademark Application No. 86/104831, in International Classification 31, for "drinks; beverages."  This application was filed on an intent-to-use basis;

e.      On <u>October 29, 2013</u>, Positive Beverage filed POSITIVE KIDS, United States Federal Trademark Application No. 86/104,815, in International Classification 31, for "drinks; beverages."  This application was filed on an intent-to-use basis;

f.      On <u>December 5, 2013</u>, Positive Beverage filed a statement with the United States Patent and Trademark Office claiming that it began to first use POSITIVE, United States Federal Trademark Application No. 86/061,354, in United States commerce at least as early as <u>December 3, 2013</u> in connection with, "drinks; beverages";

g.      On <u>May 27, 2014</u>, Positive Beverage filed POSITIVE PROTEIN, United States Federal Trademark Application No. 86/292,458, in International Classification 5, for "meal replacement and dietary supplement drink mixes; protein based, nutrient-dense meal replacement bars; premixed nutritionally fortified beverages;" and, in International Classification 32 for "Energy drinks; non-alcoholic beverages containing protein; sports drinks; sports drinks, namely performance drinks and recovery drinks."  This application was filed on an intent-to-use basis; and,

**COMPLAINT**

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

DOCSSM/3011904v7/102734-0012

h.    On June 24, 2014, Positive Beverage filed a statement with the United States Patent and Trademark Office claiming that it began to first use THINK POSITIVE, United States Federal Trademark Application No. 86/104,831, in United States commerce at least as early as April 9, 2014 in connection with "Energy drinks, fruit drinks, vegetable drinks; beverages, namely, lemonades."

26.    There can be no doubt that Positive Beverage fully understands that marketing and selling goods through the use of another's Federally registered and incontestable trademark without first securing a license or permission is not acceptable and cannot be allowed.

27.    Positive Beverage's infringement of Positive Energy Beverages' Federally registered POSITIVE ENERGY® trademark is clear-cut. Positive Energy Beverages is concerned that Positive Beverage's past, current, and future use of the terms "Positive," "Think Positive," "Positive Kids" or any other terms containing the word "Positive" (collectively, the "Positive Terms") to market and sell energy drinks and fruit-based beverages is likely to cause and will continue to cause confusion with and dilute the significant value of Positive Energy Beverages' Federally registered POSITIVE ENERGY® trademark.

28.    Positive Beverage's unauthorized use and continued use in interstate commerce of the Positive Terms to market and sell energy drinks and fruit-based beverages is identical in nature to Positive Energy Beverages' marketing and sale of the POSITIVE ENERGY® Goods.  This is because Positive Energy Beverages' POSITIVE ENERGY® Goods and Positive Beverage's beverage products (the "Infringing Goods") are marketed and sold in the same distribution channels and for a similar price.

29.    Positive Beverage has caused and is likely to cause confusion, mistake or deception:  (a) as to the characteristics, qualities, or origin of Positive Energy

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-10-

**COMPLAINT**

DOCSSM/3011904v7/102734-0012

1    Beverages' POSITIVE ENERGY® Goods; (b) as to an affiliation, connection or

2    association between Positive Energy Beverages and Positive Beverage; and, (c) as

3    to the sponsorship or approval of the Infringing Goods by Positive Energy

4    Beverages.

5        30.    Positive Energy Beverages is committed to protecting its

6    POSITIVE ENERGY® trademark against the use of identical or confusingly

7    similar marks, for itself and its business partners.

8                        **FIRST CLAIM FOR RELIEF**

9                *(Infringement of Federally Registered Trademark,*

10               *15 U.S.C. §§ 1114, et seq. (Lanham Act §32))*

11       31.    Positive Energy Beverages repeats and re-alleges each and every

12   allegation contained in Paragraph Nos. 1 through 30 hereof as if fully stated herein.

13       32.    Positive Energy Beverages is the owner and registrant of

14   POSITIVE ENERGY®, United States Trademark Registration No. 4,452,079.

15       33.    Positive Beverage is not authorized to use POSITIVE ENERGY®,

16   United States Trademark Registration No. 4,452,079.

17       34.    Both Positive Energy Beverages and Positive Energy market and sell

18   energy beverages to the same or similar consumers.

19       35.    Without Positive Energy Beverages' consent or authorization,

20   Positive Beverage has used and is using the Positive Terms in connection with the

21   advertising, marketing, and offering of beverages in interstate commerce, which

22   imitates POSITIVE ENERGY®, United States Trademark Registration No.

23   4,452,079.

24       36.    Positive Beverage used and continues to use a mark that is nearly-

25   identical to Positive Energy Beverages' Federally registered

26   POSITIVE ENERGY® trademark with knowledge and intent to create confusion

27   or mistake, or to deceive as to the source of Positive Beverage's Infringing Goods.

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-11-

**COMPLAINT**

DOCSSM/3011904v7/102734-0012

37.     As a result of Positive Beverage's conduct, there is a strong likelihood of confusion, mistake, or deception.  Many individuals familiar with Positive Energy Beverages' POSITIVE ENERGY® Goods are likely to purchase Positive Beverage's Infringing Goods under the mistaken belief that such goods and/or services are offered or authorized by Positive Energy Beverages.

38.     Positive Beverage's actions have been and are willful, unfair, false and deceptive, in that they tend to mislead, deceive and confuse, and have had and, unless enjoined, will continue to have the result of misleading, deceiving, and confusing the public to believe that Positive Beverage and/or its Infringing Goods are affiliated with, sponsored, or controlled by Positive Energy Beverages.

39.     The foregoing actions of Positive Beverage constitute trademark infringement by inducing the erroneous belief that Positive Beverage and/or its Infringing Goods are in some manner affiliated with, originate from, or are sponsored by Positive Energy Beverages, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

40.     Positive Energy Beverages is informed and believes, and on that ground alleges, that Positive Beverage has made and/or will make unlawful gains and profits from its actions as alleged herein, and by reason thereof, Positive Energy Beverages has been deprived of gains and profits which otherwise would have inured to Positive Energy Beverages but for such unlawful actions.

41.     Positive Energy Beverages has no adequate remedy at law for the injuries alleged in this Count.  The injuries are, in part, intangible in nature and not capable of being fully measured or valued in terms of monetary damages.  Further, the injuries are of a continuing nature and will continue to be suffered so long as Positive Beverage continues its wrongful conduct.

42.     Notwithstanding the difficulty of fully ascertaining the value of the damage to Positive Energy Beverages caused by Positive Beverage's wrongful conduct, Positive Beverage's conduct has resulted in irreparable, direct and

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

**COMPLAINT**

DOCSSM/3011904v7/102734-0012

1  proximate damages to Positive Energy Beverages.  Thus, Positive Energy

2  Beverages is entitled to injunctive relief under Section 34(a) of the Lanham Act,

3  15 U.S.C. §1116(a).

### SECOND CLAIM FOR RELIEF

*(False Designation of Origin and Unfair Competition,*

*15 U.S.C. § 1125(a), (Lanham Act §43(a))*

43.     Positive Energy Beverages repeats and re-alleges each and every

allegation contained in Paragraph Nos. 1 through 42 hereof as if fully stated herein.

44.     Positive Energy Beverages is the owner and registrant of

POSITIVE ENERGY®, United States Trademark Registration No. 4,452,079.

45.     Positive Beverage is not authorized to use POSITIVE ENERGY®,

United States Trademark Registration No. 4,452,079, or virtually identical and

confusingly similar trademarks.

46.     Both Positive Energy Beverages and Positive Beverage market and

sell energy drinks and other beverages to the same or similar consumers.

47.     Without Positive Energy Beverages' consent or authorization, Positive

Beverage has used and is using POSITIVE ENERGY® or virtually identical and

confusingly similar trademarks in connection with the advertising, marketing, and

offering of energy drinks and other beverages in interstate commerce, which

imitates Positive Energy Beverages' Federally registered POSITIVE ENERGY®

trademark.

48.     Through its adoption and use of the Positive Terms, which are

virtually identical and confusingly similar to Positive Energy Beverages' Federally

registered POSITIVE ENERGY® trademark, Positive Beverage has intentionally

and falsely designated the origin of its Infringing Goods so as to profit from

Positive Energy Beverages' well-earned and carefully crafted reputation by

confusing the public as to the source, origin, sponsorship, or approval of Positive

Beverage's Infringing Goods.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-13-

**COMPLAINT**

DOCSSM/3011904v7/102734-0012

49.     Positive Beverage's unauthorized use and continued use in interstate commerce of the Positive Terms to market and sell the Infringing Goods has caused and is likely to continue to cause confusion, mistake, or deception: (a) as to the characteristics, qualities, or origin of Positive Energy Beverages' POSITIVE ENERGY® Goods and/or commercial activities; (b) as to an affiliation, connection, or association between Positive Energy Beverages and Positive Beverage; and, (c) as to the sponsorship or approval of the Infringing Goods by Positive Energy Beverages.  Consumers are likely to purchase products from Positive Beverage under the mistaken belief that Positive Beverage and its Infringing Goods are affiliated, connected, or associated with Positive Energy Beverages itself.

50.     Positive Beverage's actions described herein were undertaken with the intention of deceiving and misleading the public at large and wrongfully trading on the goodwill and reputation of Positive Energy Beverages.

51.     Such actions, as used in commercial advertising, have misrepresented and, unless enjoined, will continue to misrepresent the nature, characteristics or qualities of Positive Beverage's Infringing Goods and/or commercial activities, for which Positive Energy Beverages is without adequate remedy at law.

52.     Positive Beverage's activities complained of herein also have caused Positive Energy Beverages, *inter alia*, monetary loss and damage including, but not limited to, lost profits in an amount not yet determined.

53.     Further, the injury is of a continuing nature and will continue to be suffered so long as Positive Beverage continues its wrongful conduct. Notwithstanding the inadequacy of, and the difficulty of, fully ascertaining the value of the damage to Positive Energy Beverages caused by Positive Beverage's wrongful conduct, Positive Energy Beverages is informed and believes, and on that ground alleges, that said conduct has resulted in irreparable, direct, and proximate damages to Positive Energy Beverages.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-14-

**COMPLAINT**

DOCSSM/3011904v7/102734-0012

### THIRD CLAIM FOR RELIEF

*(Unfair Competition under Cal. Bus. & Prof. Code §§ 17200 et seq.)*

54.    Positive Energy Beverages repeats and re-alleges each and every allegation contained in Paragraph Nos. 1 through 30 hereof as if fully stated herein.

55.    Positive Energy Beverages is informed and believes, and on that basis alleges, that Positive Beverage has intentionally misappropriated Positive Energy Beverages' POSITIVE ENERGY® Federally registered trademark, with the intent of causing confusion, mistake, and deception as to the source of the Infringing Goods with the intent to pass off the Infringing Goods as those of Positive Energy Beverages, and as such, Positive Beverage has committed unfair competition in violation of California Business and Professions Code §§ 17200 *et seq.*

56.    The foregoing acts of Positive Beverage have caused and will continue to cause injury to Positive Energy Beverages by depriving it of sales of its genuine POSITIVE ENERGY® Goods, injuring its business reputation, and by passing off Positive Beverage's Infringing Goods and/or commercial activities as Positive Energy Beverages' POSITIVE ENERGY® Goods, all in violation of California Business and Professions Code §§ 17200 *et seq.*

57.    Positive Beverage's acts have caused and will continue to cause irreparable harm and damage to Positive Energy Beverages, and have caused and will continue to cause Positive Energy Beverages monetary damage in an amount not yet determined, including restitution and attorneys' fees and costs under California Business and Professions Code §§ 17200 *et seq.*

58.    Positive Beverage's infringement of Positive Energy Beverages' intellectual property described herein constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within the meaning of California Business and Professions Code § 17200.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-15-

**COMPLAINT**

DOCSSM/3011904v7/102734-0012

59.     As a consequence of Positive Beverage's actions, Positive Energy Beverages is entitled to injunctive and monetary relief under California Business and Professions Code §§ 17200 *et seq.*

## FOURTH CLAIM FOR RELIEF

*(Common Law Misappropriation)*

60.     Positive Energy Beverages repeats and re-alleges each and every allegation contained in Paragraph Nos. 1 through 30, and 54 through 59 hereof as if fully stated herein.

61.     Positive Energy Beverages has invested substantial time, man-hours, resources, and money in adopting, developing, and using the POSITIVE ENERGY® Federally registered trademark, and the Federally registered POSITIVE ENERGY® trademark is Positive Energy Beverages' property.

62.     In committing the acts of trademark infringement and unfair competition alleged herein, Positive Beverage has misappropriated and taken without permission Positive Energy Beverages' property and converted it to its own use for its own benefit.

63.     Positive Energy Beverages is informed and believes, and on that ground alleges, that by misappropriating and converting Positive Energy Beverages' property, Positive Beverage has benefited greatly and illegitimately by using the POSITIVE ENERGY® trademark to offer the Infringing Goods for sale without having to make a substantial investment of its own time, man-hours, resources, and money.

64.     Positive Beverage's acts constitute misappropriation under the common law of the State of California.

65.     Positive Beverage has been and will continue to be unjustly enriched by its acts of misappropriation, unless enjoined.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-16-

**COMPLAINT**

DOCSSM/3011904v7/102734-0012

66.     The foregoing acts of Positive Beverage have injured and will continue to injure Positive Energy Beverages by depriving it of sales of its genuine POSITIVE ENERGY® Goods and by injuring its business reputation and goodwill, all in violation of the common law of the State of California.

67.     Positive Beverage's acts have caused and will continue to cause irreparable harm and damage to Positive Energy Beverages, and have caused and will continue to cause monetary damage to Positive Energy Beverages in an amount not yet determined, for which Positive Energy Beverages is entitled to its lost profits, Positive Beverage's profits, punitive damages, and attorneys' fees and costs.

68.     Positive Energy Beverages has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

A.     A determination that Positive Beverage's conduct infringes Positive Energy Beverages' Federally registered POSITIVE ENERGY® trademark, falsely designates the origin of Positive Beverage's Infringing Goods, falsely describes such products, and unfairly competes with Positive Energy Beverages, all in violation of Section 32 of the Lanham Act, 15 U.S.C. §§ 1114 *et seq.* and Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

B.     A determination that Positive Beverage's conduct infringes Positive Energy Beverages' Federally registered POSITIVE ENERGY® trademark and unfairly competes with and misappropriates the property of Positive Energy Beverages under California Business and Professions Code §§ 17200 *et seq.* and the common law of the State of California.

C.     That Positive Beverage and its agents, officers, directors, servants, employees, attorneys, successors, assignees, and all others in active concert or participation with Positive Beverage be preliminarily and permanently enjoined from directly or indirectly:

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-17-

**COMPLAINT**

DOCSSM/3011904v7/102734-0012

     i.    Using Positive Energy Beverages' Federally registered POSITIVE ENERGY® trademark, or any other trademarks which are virtually identical and confusingly similar to or colorable imitations of Positive Energy Beverages' Federally registered POSITIVE ENERGY® trademark, including, without limitation, the terms "Positive," "Think Positive," and "Positive Kids" alone or as part of or together with any other designs, word or words, trademark, service mark, trade name, trade dress, or other business or commercial designation or any logo, symbol or design;

     ii.    Committing any act which, in and of itself, or from the manner or under the circumstances in which it is done amounts to false designation of origin, false description, or false representation of Positive Beverage's Infringing Goods; and,

     iii.    Otherwise unfairly competing with Positive Energy Beverages or misappropriating Positive Energy Beverages' intellectual property, including, but not limited to Positive Energy Beverages' Federally registered POSITIVE ENERGY® trademark.

D.    That the Court issue an Order directing Positive Beverage to file with the Court and serve on Positive Energy Beverages, within thirty days of service on Positive Beverage of the above-listed injunction, a report in writing and under oath, setting forth in detail the manner and form in which Positive Beverage has complied with the injunction.

E.    That the Court award judgment in favor of Positive Energy Beverages for the amount of either damages sustained by Positive Energy Beverages or the profits made by Positive Beverage as a result of Positive Beverage's wrongful conduct, whichever amount is greater, and damages in an amount necessary for Positive Energy Beverages to conduct corrective advertising to eliminate the confusion caused by Positive Beverage's wrongful acts.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-18-

**COMPLAINT**

DOCSSM/3011904v7/102734-0012

1     F.     That the Court award judgment in favor of Positive Energy

2  Beverages in the amount of treble damages under Section 35 of the Lanham Act,

3  15 U.S.C. §1117, plus prejudgment interest.

4     G.     That the Court award judgment against Positive Beverage for the full

5  costs of this action, including reasonable attorneys' fees and costs.

6     H.     That the Court award to Positive Energy Beverages punitive damages

7  sufficient to deter Positive Beverage from committing such willful acts of

8  infringement in the future.

9     I.     That the Court award interest on all amounts found to be due to

10  Positive Energy Beverages from Positive Beverage, at the prevailing rate, from the

11  date said amounts or any part thereof became or become due.

12     J.     That the Court require Positive Beverage to notify its parent,

13  subsidiaries, affiliates, commercial associates, dealers, dealer advertising

14  associations, advertising agencies, suppliers, and customers of said Order.

15     K.     That the Court order such other, further, and different relief as the

16  nature of this action may require and that the Court deems just and proper.

17     L.     That the Court retain jurisdiction of this action for the purpose of

18  enabling Positive Energy Beverages to apply to the Court, at any time, for such

19  further orders as may be necessary or appropriate for the interpretation or

20  execution of any order entered in this action, for the modification of any such

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-19-

**COMPLAINT**

DOCSSM/3011904v7/102734-0012

1    order, for the enforcement or compliance therewith, and for the punishment of any

2    violations thereof.

3

4    DATED:  October 28, 2014              STRADLING YOCCA CARLSON
                                          & RAUTH, P.C.
5

6

7                                         By: _____

8                                             Thomas J. Speiss, III
                                              Justin Klaeb
9                                             Attorneys for Plaintiff
                                              POSITIVE ENERGY BEVERAGES
10                                            LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-20-
**COMPLAINT**

DOCSSM/3011904v7/102734-0012

1

## JURY DEMAND

2       Plaintiff, Positive Energy Beverages LLC, hereby demands a trial by jury

3   pursuant to Rule 38 of the Federal Rules of Civil Procedure on each cause of action

4   asserted in its Complaint that is triable by jury.

5

6   DATED:  October 28, 2014       STRADLING YOCCA CARLSON
                   & RAUTH, P.C.

7

8

9

10                          By: _____
                             Thomas J. Speiss, III

11                                Justin Klaeb
                             Attorneys for Plaintiff

12                                POSITIVE ENERGY BEVERAGES
                             LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-21-

## COMPLAINT

DOCSSM/3011904v7/102734-0012