1  THOMAS J. SPEISS, III (SBN 200949)
     (TSpeiss@SYCR.com)
2  JUSTIN KLAEB (SBN 254035)
     (JKlaeb@SYCR.com)
3  STRADLING YOCCA CARLSON &
   RAUTH, P.C.
4  100 Wilshire Blvd., Suite 400
   Santa Monica, California 90401
5  Telephone: (424) 214-7042
   Facsimile: (424) 214-7010
6
   Attorneys for Plaintiff, Positive Energy
7  Beverages LLC

STEPHEN F. ROTH
(Admitted *Pro Hac Vice*)
  (SRoth@ldlkm.com)
KEIR J. LOIACONO
(Admitted *Pro Hac Vice*)
  (KLoiacono@ldlkm.com)
LERNER, DAVID, LITTENBERG,
KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07090
Telephone: (908) 654-5000
Facsimile: (908) 654-7866

8  Attorneys for Defendant, Positive
   Beverage, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| POSITIVE ENERGY BEVERAGES LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>POSITIVE BEVERAGE, LLC, a Delaware Limited Liability Company,<br><br>Defendant. | **CASE NO.: 8:14-cv-01727-AG-JCG**<br><br>The Hon. Andrew J. Guilford<br><br>[Discovery Document: Referred to Magistrate Judge Jay C. Gandhi]<br><br>**PROTECTIVE ORDER**<br><br>Complaint Filed: October 28, 2014 |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

**PROTECTIVE ORDER**

LITIOC/2117346v2/102734-0012

1.  A.  <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties have stipulated to be bound by the following Protective Order ("Order") in this action.  This Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  Further, this Order does not entitle the parties to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B.  <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-1-
**PROTECTIVE ORDER**
LITIOC/2117346v2/102734-0012

reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2. DEFINITIONS

    2.1    <u>Action</u>:  this pending federal lawsuit.

    2.2    <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

    2.3    <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

    2.4    <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

    2.5    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

    2.6    <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-2-
**PROTECTIVE ORDER**

LITIOC/2117346v2/102734-0012

2.7     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "CONFIDENTIAL" Information or Items, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9     Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.10    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.12    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.14    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.      SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected

Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at court hearings or proceedings shall be governed by the orders of the judge conducting the hearing.   This Order does not govern such use of Protected Material.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development

process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties, in writing, that it is withdrawing the mistaken designation.

5.2  <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-5-
**PROTECTIVE ORDER**
LITIOC/2117346v2/102734-0012

1  protection under this Order.  Then, before producing the specified documents, the
2  Producing Party must affix the legend "CONFIDENTIAL" or "HIGHLY
3  CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains
4  Protected Material.  If only a portion or portions of the material on a page qualifies
5  for protection, the Producing Party also must clearly identify the protected
6  portion(s) (e.g., by making appropriate markings in the margins) and must specify,
7  for each portion, the level of protection being asserted.
8       (b)  for testimony given in depositions that the Designating Party identify
9  the Disclosure or Discovery Material on the record, before the close of the
10 deposition all protected testimony and specify the level of protection being asserted.
11 When it is impractical to identify separately each portion of testimony that is
12 entitled to protection and it appears that substantial portions of the testimony may
13 qualify for protection, the Designating Party may invoke on the record (before the
14 deposition is concluded) a right to have up to 30 days to identify the specific
15 portions of the testimony as to which protection is sought and to specify the level
16 of protection being asserted.  Only those portions of the testimony that are
17 appropriately designated for protection within the 30 days shall be covered by the
18 provisions of this Order.  Alternatively, a Designating Party may specify, at the
19 deposition or up to 30 days afterwards if that period is properly invoked, that the
20 entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY
21 CONFIDENTIAL – ATTORNEYS' EYES ONLY."
22       (c)  for information produced in some form other than documentary and
23 for any other tangible items, that the Producing Party affix in a prominent place on
24 the exterior of the container or containers in which the information is stored the
25 legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
26 EYES ONLY."  If only a portion or portions of the information warrants
27 protection, the Producing Party, to the extent practicable, shall identify the
28 protected portion(s) and specify the level of protection being asserted.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-6-
**PROTECTIVE ORDER**
LITIOC/2117346v2/102734-0012

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3     The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-7-
**PROTECTIVE ORDER**
LITIOC/2117346v2/102734-0012

terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

-8-
**PROTECTIVE ORDER**

agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(i)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)  Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a), below, have been followed;

(d)  the Court and its personnel;

(e)  court reporters and their staff,

(f)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

7.4   Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to

Experts.

(a) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years[1], and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must initiate the dispute resolution process under Local Rule 37.1 et seq. If no agreement is

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

-10-

**PROTECTIVE ORDER**

1 reached, the Party seeking to make the disclosure to the Expert may file a motion,
2 consistent with Local Rule 37, seeking permission from the Court to do so. In any
3 such proceeding, the Party opposing disclosure to the Expert shall bear the burden
4 of proving that the risk of harm that the disclosure would entail (under the
5 safeguards proposed) outweighs the Receiving Party's need to disclose the
6 Protected Material to its Expert.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED</u> IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-11-
**PROTECTIVE ORDER**
LITIOC/2117346v2/102734-0012

1 Action to disobey a lawful directive from another court.

2 9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
3 PRODUCED IN THIS LITIGATION**

4    (a)  The terms of this Order are applicable to information produced by a
5 Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY
6 CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced
7 by Non-Parties in connection with this litigation is protected by the remedies and
8 relief provided by this Order.  Nothing in these provisions should be construed as
9 prohibiting a Non-Party from seeking additional protections.

10    (b)  In the event that a Party is required, by a valid discovery request, to
11 produce a Non-Party's confidential information in its possession, and the Party
12 is subject to an agreement with the Non-Party not to produce the Non-Party's
13 confidential information, then the Party shall:

14        (1)  promptly notify in writing the Requesting Party and the Non-
15 Party that some or all of the information requested is subject to a confidentiality
16 agreement with a Non-Party;

17        (2)  promptly provide the Non-Party with a copy of this Order, the
18 relevant discovery request(s), and a reasonably specific description of the
19 information requested; and

20        (3)   make the information requested available for inspection by
21 the Non-Party, if requested.

22    (c)  If the Non-Party fails to  seek a protective order from this Court within
23 14 days of receiving the notice and accompanying information, the Receiving
24 Party may produce the Non-Party's confidential information responsive to the
25 discovery request.  If the Non-Party timely seeks a protective order, the Receiving
26 Party shall not produce any information in its possession or control that is subject
27 to the confidentiality agreement with the Non-Party before a determination by the
28 Court.  Absent  a court order to  the contrary,  the Non-Party  shall  bear the burden

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-12-
**PROTECTIVE ORDER**
LITIOC/2117346v2/102734-0012

1    and expense of seeking protection in this Court of its Protected Material.

2

3    10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

4    If a Receiving Party learns that, by inadvertence or otherwise, it has
5    disclosed Protected Material to any person or in any circumstance not authorized
6    under this Order, the Receiving Party must immediately (a) notify in writing the
7    Designating Party of the unauthorized disclosures, (b) use its best efforts to
8    retrieve all unauthorized copies of the Protected Material, (c) inform the person or
9    persons to whom unauthorized disclosures were made of all the terms of this
10   Order, and (d) request such person or persons to execute the "Acknowledgment
11   and Agreement to Be Bound" that is attached hereto as Exhibit A.

12

13   11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
14   PROTECTED MATERIAL

15   When a Producing Party gives notice to Receiving Parties that certain
16   inadvertently produced material is subject to a claim of privilege or other
17   protection, the obligations of the Receiving Parties are those set forth in Federal
18   Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify
19   whatever procedure may be established in an e-discovery order that provides
20   for production without prior privilege review.  Pursuant to Federal Rule of
21   Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of
22   disclosure of a communication or information covered by the attorney-client
23   privilege or work product protection, the parties may incorporate their agreement
24   in the stipulated protective order submitted to the Court.

25

26   12.    MISCELLANEOUS

27        12.1    Right to Further Relief.  Nothing in this Order abridges the right of
28   any person to seek its modification by the Court in the future

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-13-
**PROTECTIVE ORDER**

LITIOC/2117346v2/102734-0012

  12.2 <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

  12.3 <u>Filing Protected Material</u>.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13. <u>FINAL DISPOSITION</u>

  After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert

work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION).

14. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: June 09, 2015                            _____
                                                Honorable Jay C. Gandhi
                                                United States Magistrate Judge

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-15-
**PROTECTIVE ORDER**

LITIOC/2117346v2/102734-0012

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order ("Order") that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Positive Energy Beverages LLC v. Positive Beverage, LLC*, Case No. 8:14-cv-01727-AG-JCG.  I agree to comply with and to be bound by all the terms of this Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order.

    I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____